THE STATE, EX REL. REPUBLIC STEEL CORPORATION, *v.*
ENVIRONMENTAL BOARD OF REVIEW ET AL.

(No. 76-1149—Decided October 27, 1976.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Victor E. De-Marco, Mr. James C. Sennett, Ms. Kathleen B. Burke* and *Mr. James L. Warsley, III,* for relator.

40

*Mr. William J. Brown,* attorney general, *Mr. Richard P. Fahey* and *Mr. Christopher R. Schraff,* for respondent Environmental Board of Review.

*Ms. Ann Aldrich, Mr. Joseph P. Meissner* and *Mr. Jeffrey H. Olson,* for respondent intervenors.

*Per Curiam.* R. C. 3745.04, which provides for appeals to the Environmental Board of Review from actions of the Director of Environmental Protection, provides, in pertinent part:

"The filing of an appeal does not automatically suspend or stay execution of the action appealed from. Upon application by the appellant the board may suspend or stay such execution pending immediate determination of the appeal without interruption by continuances, other than for unavoidable circumstances."

In its ruling denying relator's motion for immediate determination of the appeal without interruption by continuances, the board concluded that the expiration of the term of one of its members and the deliberations and issuance of opinions with respect to previously heard appeals constituted "unavoidable circumstances" within the "spirit and intent" of that language as employed in R. C. 3745.04. In its answer, respondent board specified as an additional "unavoidable circumstance" the unavailability, before October 25, 1976, of its own expert witness on coke battery pollution technology.

The language of R. C. 3745.04, providing that there should be an "immediate determination of the appeal without interruption by continuances," where an appeal is filed with the Environmental Board of Review and an order is issued staying the action of the Director of Environmental Protection, evinces a legislative intent that in such instances the appeal is to proceed without delay.

It is the conclusion of this court that mandamus is an appropriate remedy in this cause (*State, ex rel. Pressley,* v. *Indus. Comm.* [1967], 11 Ohio St. 2d 141), and that the reasons given by the respondent board for denying rela-

tor's motion for immediate determination of the appeal in question neither individually nor collectively constitute "unavoidable circumstances" which excuse compliance with the mandate of R. C. 3745.04 requiring "immediate determination of the appeal."

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.